# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MICHAEL TOLBERT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 04-473-DRH** |
| | ) | |
| **THOMAS D. THROOP, RICK SUTTON** | ) | |
| **and JOHN EVANS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**HERNDON, District Judge:**

Plaintiff, an inmate in the Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

Plaintiff states that he is a practitioner of the Al-Islam faith; one important aspect of his faith is the observance of Ramadan, the Muslim month of fasting. In 2003, as in prior years, Plaintiff was approved to participate in Ramadan services; on the first day, October 28, he was allowed to participate in the first services of the day. Later that day, when other inmates went to the dining hall for lunch, Plaintiff joined them to socialize. Defendant Throop saw Plaintiff in the dining hall and informed him that he was going to remove Plaintiff's name from the Ramadan services list. According to Throop, Plaintiff had no business being in the dining hall unless he was eating; therefore, Throop assumed that Plaintiff had broken the fast.

When Plaintiff was not allowed to attend the afternoon services, he sent a written request to

Defendant Sutton, but received no response.  He also filed a grievance with his counselor, who supported Throop's action by stating: "By going to the noon meal, you forfeit your right to participate any further in the Ramadan process.  Policy is such that security report to the chaplain any I/M who breaks the fast.  There is no way to verify if you actually ate at that meal; however the dining room is not a social area or exercise area, so you are assumed to have eaten while there."  Plaintiff was dissatisfied with this response, so he filed a formal grievance with Defendant Evans.  That grievance was also denied, as were Plaintiff's appeals of that decision.

Plaintiff alleges, first, that Throop acted outside the scope of his job by removing Plaintiff's name from the list.  He also alleges that the removal of his name from the list was unjustified, as he claims he did not break the fast.  Therefore, he asserts that Throop's actions constitute a violation of his right to freely practice his religion, as guaranteed by the First Amendment.  He next alleges that Sutton violated his rights by refusing to restore his name to the list.  Finally, Plaintiff implies that by approving Throop's actions after the fact, Evans also violated his First Amendment rights.

Prisoners retain a First Amendment right to practice their religion, but an inmate's free exercise right does not "depend upon his ability to pursue each and every aspect of  the practice of his religion."  *Canedy v. Boardman,* 91 F.3d 30, 33 (7th Cir. 1996).  Further, a regulation that infringes an inmate's free exercise of religion will nonetheless survive constitutional challenge if prison administrators can establish that the regulation is a rational means of furthering a legitimate penological interest.  *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 351-52 (1987); *Turner v. Safley,* 482 U.S. 78, 89 (1987); *Tarpley v. Allen County, Ind.,* 312 F.3d 895, 898 (7th Cir. 2002).

Applying these standards to the allegations in the complaint, the Court is unable to dismiss the claims against Throop and Sutton at this point in the litigation.

As for the claim against Evans, Plaintiff only alleges that Evans denied his grievance about Throop's and Sutton's actions, long after the fact. According to the exhibits, Ramadan ran from October 27 through November 25 in 2003, yet Evans did not approve the denial of the grievance until December 8. Therefore, Evans could not have restored Plaintiff's name to the list, as the holiday period had already elapsed.

Furthermore, "a state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982). Accordingly, Defendant Evans is dismissed from this action with prejudice.

## DISPOSITION

**IT IS HEREBY ORDERED** that Defendant **EVANS** is **DISMISSED** from this action with prejudice.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **THROOP** and **SUTTON**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **THROOP** and **SUTTON** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of

computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by

- 4 -

counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court.  He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED:   June 14, 2006.**


/s/   David  RHerndon
**DISTRICT JUDGE**