IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL TOLBERT, | ) |
| Plaintiff, | ) ) ) |
| VS. | ) NO. CV 04-473-DRH-PMF ) |
| THOMAS D. THROOP and RICK SUTTON, | ) ) ) |
| Defendants. | ) ) |

### REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Plaintiff is an inmate in the Illinois Department of Corrections (DOC). He filed this action pursuant to 42 USC § 1983 claiming a violation of his First Amendment rights.

Plaintiff belongs to the Al-Islam faith which annually celebrates Ramadan. October 28 was the first day of Ramadan in 2003. Plaintiff was then incarcerated at Pinckneyville. He was signed up for Ramadan services. On October 28, 2003, plaintiff participated in the morning services. Later that day, he attended the noon meal to "stretch his legs." Plaintiff was thereafter disqualified from attending further Ramadan services for the remainder of the 2003 Ramadan period. He claims that this violates his First Amendment rights. Defendants have requested summary judgment (Doc. No. 22).

Summary judgment is proper if the pleadings, answers to interrogatories, depositions, and other relevant materials show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 ( c ). The court must draw all inferences in the light most favorable to the non-movant. *Bartman v. Allis-Chalmers Corp.*, 799 F.2d 311, 312 (7th Cir. 1986).

Penal institutions may impose rules which impose on constitutional rights, including those derived from the First Amendment. *Jones v. North Carolina Prisoners' Labor Union, Inc.,* 433 U.S. 119 (1977). A prisoner may practice his religion as long as the practice does not unduly burden the institution. *Richards v. White*, 957 F.2d 471 (7th Cir. 1992). A prison regulation which impinges

on an inmate's constitutional rights will be upheld so long as the regulation is reasonably related to legitimate penological interests. *Turner v. Safeley*, 482 U.S. 85, 89 (1987).

A four-factor test is imposed under *Turner*. First, there must be a valid rational connection between the prison regulation and the legitimate governmental interest put forth to justify it. Second, alternative means of exercising the right in question must remain open to the inmate. Third, the court must consider the magnitude of the impact that accommodating the asserted would have on guards, other inmates, and the allocation of prison resources generally. Finally, the Court must consider the existence or absence of ready alternatives to the regulation. *Turner*, at 90.

The institutional policy in question here is one which prohibits inmates who attend Ramadan services from attending the noon meal. An integral aspect of the Ramadan celebration is fasting between sunrise and sunset. Those who elect to celebrate Ramadan are provided separate meal times before and after sunrise. Orderly running of the institution requires that inmates who are not planned for at the noon meal not be there. If plaintiff were permitted to pick and choose which days he would observe Ramadan restrictions, the orderly running of the institution would be impacted.

It should also be noted that the institution does incur a substantial imposition in changing its standard operations to accommodate inmates observing Ramadan. Those inmates who choose to not take the Ramadan restrictions seriously should not avail themselves of those accommodations.

Further, even though plaintiff was removed from the Ramadan list, he was not prohibited from participating in two key elements of the celebration: the fast between sunrise and sunset, and prayer.

Defendants did not violate plaintiff's constitutional rights by removing his name from the Ramadan list. They are entitled to summary judgment.

For the foregoing reasons, IT IS RECOMMENDED that the motion for summary judgment (Doc. No. 22) filed by defendants Throop and Sutton be GRANTED.

**SUBMITTED: September 10, 2007.**

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**